**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**EWOYNNE WARREN,**

    **Plaintiff,**

vs.                                        **Case No. 4:10cv9-WS/WCS**

**CATHY SIMCOX, et al.,**

    **Defendants.**

                                     /

**REPORT AND RECOMMENDATION**

Plaintiff, a *pro se* inmate, has filed an amended civil rights complaint under 42 U.S.C. § 1983, doc. 9, a motion to appoint counsel, doc. 10, and a motion for a preliminary injunction, doc. 11. Plaintiff's amended complaint has been reviewed as is required by 28 U.S.C. § 1915A.

Plaintiff alleges that his Eighth Amendment rights have been violated because Defendants have been deliberately indifferent to his serious medical needs. Doc. 9. Plaintiff claims that he has been denied medical care for sand gnat bites. He alleges that he is allergic to such insect bites. Plaintiff claims that Defendants failed to provide him with treatment, but Plaintiff acknowledges that he was given a medical pass for long

sleeve shirts and pants, and a pass that permits Plaintiff to work only inside buildings rather than outside. Doc. 9, p. 5. Plaintiff claims that when he is bitten by sand gnats, he cannot stop scratching, causing sores and infection. At one point (in July, 2009), Plaintiff alleges he was bitten by the gnats and developed a high temperature. *Id.*, at 7. Plaintiff was taken to the medical center and admitted to the hospital, but he allegedly could not be "properly" treated because unknown persons from Taylor C.I. failed to send paper work with him. *Id.* Plaintiff was refused a medical transfer to another institution outside of Region 3. *Id.,* at 5. As Defendants, Plaintiff names Doctor Stanley Dratler, Director of Medical at Taylor Correctional Institution Cathy Simcox, the Assistant Warden and the Warden at Taylor Correctional Institution. For relief, Plaintiff wants to be transfer to a prison in South Florida and be awarded $150,000 for pain and suffering. *Id.*, at 15.

Deliberate indifference to the serious medical needs of prisoners violates the Eighth Amendment's prohibition of cruel and unusual punishment. <u>Estelle v. Gamble</u>, 429 U.S. 97, 97 S. Ct. 285, 50 L. Ed. 2d 251 (1976). Plaintiff does not allege a serious medical need. Bites from sand gnats is a mere nuisance endured by all citizens of Florida, and Plaintiff chose to live here. This does not rise to the level of a serious medical need. Furthermore, this Court cannot grant relief to him because there is no prison in Florida where Plaintiff could be transferred where gnats and bugs do not exist.

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's amended complaint, doc. 9, be **DISMISSED** for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2), all other motions that are pending be **DENIED**, and the order adopting this report and recommendation direct the Clerk of

Court to note on the docket that this cause was dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**IN CHAMBERS** at Tallahassee, Florida, on May 10, 2010.

s/ William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**